IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-56-KS

| | |
|---|---|
| PHILLIP MINCHEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Phillip Minchew ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his applications for disability and disability insurance benefits ("DIB"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. On October 31, 2018, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings [DE #19], denies Defendant's Motion for Judgment on the Pleading [DE #22], and remands the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and DIB on September 11, 2014, with an alleged onset date of January 31, 2014. (R. 90, 239.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 91–105, 106–110, 124.) A hearing was held on January 5, 2017, before Administrative Law Judge ("ALJ") James E. Williams, who issued an unfavorable ruling on April 10, 2017. (R. 19–29, 38–76.) The Appeals Council denied Plaintiff's request for review on December 26, 2017. (R. 1–5.) At that time, the decision of the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On February 9, 2018, Plaintiff filed the instant civil action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court

should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. If

the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since January 31, 2014, the alleged onset date. (R. 21.) Next, the ALJ determined Plaintiff had the following severe impairments: "congestive heart failure (CHF); hypertension; degenerative disc disease (DDD); obstructive sleep apnea (OSA); obesity; chronic obstructive pulmonary disease (COPD); diabetes mellitus (DM) and Crohn's disease." (*Id.*) The ALJ found Plaintiff's mental impairments of anxiety disorder, organic mental disorder, and affective disorder to be non-severe impairments. (R. 21–22.)

At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 22.) The ALJ analyzed Listings 4.02 (chronic heart failure), 4.00H (cardiovascular impairments), 1.04 (disorders of the spine), 3.02 (chronic respiratory disorders), and 5.06 (inflammatory bowel disease). (R. 22–24.) The ALJ also considered Plaintiff's obesity and diabetes mellitus, which do not have their own medical listings, and found that the record does not support a finding that Plaintiff's combination of impairments medically equals the criteria of any other listed impairment. (R. 23–24.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the residual functional capacity

> to perform sedentary work activity as defined in 20 CFR 404.1567(a) in that he can lift, carry, push, or pull 10 pounds occasionally and less than 10 pounds frequently. He can sit for six hours, stand for two hours, and walk for two hours in an eight-hour workday. He can climb ramps and stairs frequently, but should never climb ladders, ropes, or scaffolds. He should never stoop or crouch. He can never have exposure to unprotected heights or moving mechanical parts. He can occasionally be exposed to dust, odors, fumes, and pulmonary irritants. The work environment must have ready access to a bathroom.

(R. 24.) In making this assessment, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms "not entirely consistent" with the medical evidence and other evidence in the record. (R. 24–25.) At step four, the ALJ concluded Plaintiff was not able to perform his past relevant work as a heating and air conditioning installer/servicer, nor as a plumber. (R. 27.) Nonetheless at step five, the ALJ concluded, based on Plaintiff's age, education, work experience, and RFC, that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (R. 28.) Specifically, the ALJ found Plaintiff capable of performing work as a surveillance system monitor, order clerk, and food checker. (R. 28.)

## IV. Plaintiff's Arguments

Plaintiff contends the ALJ erred by:

    (A)    failing to elicit sufficient vocational evidence on the issue of off-task time to support the RFC (Pl.'s Mem. Supp. Mot. J. Pldgs. [DE #20] at 8); and

    (B)    failing to properly analyze the medical opinion evidence and give it proper weight in assessing Plaintiff's RFC (*id.* at 6–8).

5

The Commissioner has addressed each argument and contends that the ALJ's decision correctly applied relevant law and regulations and is supported by substantial evidence. For the reasons discussed below, the undersigned disagrees with the Commissioner and, therefore, orders remand.

A.  Vocational Evidence

Plaintiff argues that the ALJ failed to elicit sufficient vocational testimony regarding Plaintiff's Crohn's disease and whether the need to use the bathroom frequently would exceed the maximum off-task allowance for continuing employment. (Pl.'s Mem. Supp. Mot. J. Pldgs. at 8.) The Commissioner argues that the ALJ properly accounted for Plaintiff's bathroom limitation in the RFC. (Def.'s Mem. Supp. Mot. J. Pldgs. at 14–15.)

Where "an ALJ finds that a claimant has an impairment that requires him to have access to a bathroom, the ALJ should make specific findings concerning the frequency and duration of Plaintiff's bathroom usage." *Binder v. Colvin*, No. 5:12-CV-271-D, 2013 WL 1686306, at *3 (E.D.N.C. Mar. 21, 2013), *mem. and recommendation adopted by* 2013 WL 1694678 (E.D.N.C. Apr. 18, 2013) (citing *Taylor v. Astrue*, 2012 WL 3637254, *11 (E.D.N.C. Aug. 1, 2012)); *see also Summey v. Berryhill*, No. 1:16-CV-1185, 2018 WL 708355, at *3 (M.D.N.C. Feb. 5, 2018); *Davis v. Comm'r of Soc. Sec.*, No. 2:10-CV-30, 2011 WL 442118, *1 (N.D.W. Va. Feb. 2, 2011). Absent specific findings concerning the frequency and duration of a claimant's bathroom usage, a court cannot determine whether the ALJ's findings are supported by substantial evidence, and remand is appropriate. *Binder*, 2013 WL 1686306, at *3.

6

Here, the ALJ found that Plaintiff is severely impaired as a result of Crohn's disease and that his "work environment must have ready access to a bathroom." (R. 24.) However, the ALJ did not explain or specify the frequency or duration of Plaintiff's requirement for the bathroom. Plaintiff testified that after a meal he has to "have a bathroom close by because it goes right through me." (R. 53.) Plaintiff takes Humira and Imuran to treat his Crohn's disease; however he testified that on medication, "everything I eat runs through me, but I don't have the pain." (R. 62, 468.) Even on the day of the hearing before the ALJ, Plaintiff testified that he had "nothing to eat all day today because I knew I had to come up here. I would have had to go to the bathroom five or six times." (R. 52.)

The ALJ appears to have accepted Plaintiff's testimony in this regard. In his decision, the ALJ stated, "The claimant testified that, whenever he eats, he needs a bathroom close by. This was accommodated in the above residual functional capacity." (R. 26.) Nevertheless, the ALJ made no findings regarding the extent to which Plaintiff required unscheduled bathroom breaks, and thus there is no way to determine the extent to which the frequency and length of such breaks could potentially affect his ability to work.

The ALJ's error is compounded by the unresolved conflict between the DOT and the VE's testimony that Plaintiff could perform the work of a surveillance system monitor, order clerk, and food checker. When prompted by the ALJ, the VE testified that the DOT does not address or classify bathroom access. (R. 72.) However, the ALJ failed to ask the VE for the basis of her testimony regarding bathroom access, and

the VE neither defined "ready access to a bathroom" nor explained the basis for her opinion that the need for "ready access to a bathroom" would not preclude work as a surveillance system monitor, order clerk, or food checker.

When there is an apparent, unresolved conflict between the VE's testimony and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [vocational] evidence to support a determination or decision about whether the claimant is disabled." *Id.* Here, the ALJ did not specify how long Plaintiff's unscheduled bathroom breaks would need to be, nor did he elicit a reasonable explanation for the VE's testimony regarding bathroom access.

Because the ALJ did not make specific findings concerning the frequency and duration of Plaintiff's bathroom requirements and failed to explain how Plaintiff's need for frequent restroom breaks impacted his ability to work, the court cannot determine whether the ALJ's findings are supported by substantial evidence. Therefore, the court remands the matter to the Commissioner for further proceedings.

### B. Medical Opinion Evidence in RFC Assessment

Plaintiff also argues that the ALJ erred in assigning "little weight" to (1) the Physical Residual Function Capacity Statement completed by his treating physician Dr. Bhatti; (2) the Comprehensive Clinical Psychological Evaluation completed by Ashley Weeks, M.A.; and (3) a "supportive" letter from Plaintiff's gastroenterologist Dr. Majithia. (Pl.'s Mem. Supp. Mot. J. Pldgs. at 7.) Defendant argues that the ALJ properly evaluated the opinion evidence and substantial evidence supports his

decision. (Def.'s Mem. Supp. Mot. J. Pldgs. at 6.) Because this matter is being remanded due to insufficient findings regarding Plaintiff's need for bathroom access, the possibility exists that the ALJ's RFC findings may be substantially different upon remand. Accordingly, the court declines to address Plaintiff's remaining assignment of error.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #19] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #22] is DENIED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 21st day of February 2019.

_____
KIMBERLY A. SWANK
United States Magistrate Judge